UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

O'Neil Anthony Kerr,

    Plaintiff,

v.                                             Case No.:   2:22-cv-148-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ("R&R"). (Doc. 17). Judge Mizell recommends affirming the decision of the Commissioner of Social Security. Plaintiff objects to the R&R (Doc. 18), to which Defendant has responded (Doc. 19). The R&R is thus ripe for review.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

When objections are made, the district court engages in a de novo review of the issues raised.

Having examined the record, the Court overrules Plaintiff's objections and adopts the R&R. The objections focus on the opinion of David Koehn, Ph.D. In April 2021, Dr. Koehn completed a four-page form titled, "Questionnaire as to Mental Residual Functional Capacity," about Plaintiff. (Tr. 753-56). He answered seventeen questions about Plaintiff's social interaction, concentration, persistence, and adaption. The form required Dr. Koehn to denote Plaintiff's degree of impairment (i.e., none, mild, moderate, marked, or extreme). (Tr. 753-55). Dr. Koehn also checked "Yes" when asked if Plaintiff's condition was likely to deteriorate if placed under job stress because of chronic physical pain, emotional/psychological issues, and social and occupational impairments. (Tr. 756). To explain these findings, he noted (to the best the Court can decipher Dr. Koehn's handwriting) Plaintiff's "physical chronic pain," "emotional/psychological issues" and "social and occupational impairments." (Tr. 756).

Dr. Koehn's check-box opinion did not persuade the ALJ because other treatment notes did not support it. The other notes came from when Dr. Koehn saw Plaintiff about three years earlier. In July 2018, Dr. Koehn performed a psychological examination of Plaintiff for an insurance claim. (Doc. Tr. 700-13). He diagnosed Plaintiff with somatic symptom disorder and moderate

2

major depressive order because of his "catastrophic thinking," fear avoidant behavior, perceived injustice, and social stress. (Tr. 707-08). According to the ALJ, Dr. Koehn's treatment notes did not support the Questionnaire because, in part, the notes merely identified Plaintiff's impairments without translating them to functional limitations. Plaintiff finds fault with the ALJ's conclusion and the R&R siding with the ALJ. The Court disagrees.

Because Dr. Koehn's Questionnaire was a check box format with almost no space for explanation of the assessments, the ALJ needed to interpret his answers to the questions based on other treatment notes. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1262 (11th Cir. 2019). Plaintiff argues the 2018 treatment notes follow the Questionnaire and highlights how the notes "endorsed" his difficulty with "most daily tasks requiring effort and sustained attention, self-isolation, eating little, starting at walls, social withdrawal, crying when alone, and going days without changing clothes or showering." (Doc. 18 at 2). But those so-called limitations were merely a recitation of Plaintiff's self-reported complaints to Dr. Koehn. (Tr. 704). As for objective evidence, all that remains are diagnoses. And that isn't enough to show substantial evidence doesn't support the ALJ's decision. *See Anderson v. Comm'r of Soc. Sec.*, 441 F. App'x 652, 653 (11th Cir. 2011) (treating physician's findings were not supported by objective evidence where treatment notes merely provided a diagnosis or documented the claimant's subjective

3

complaints). Remember, it is not for this Court to decide whether evidence might support greater limitations. This Court need only decide whether substantial evidence supports the ALJ's decision—which the record does. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021) ("We will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it."). It is not for this Court to reweigh the evidence, make fact-findings, or substitute its judgment for that of the ALJ. *See id.*

Plaintiff also faults the ALJ for cherry-picking evidence to find Dr. Koehn's Questionnaire to clash with other treatment providers, and he faults the R&R for then rubber-stamping the ALJ. (Doc. 18 at 4). The Court finds no such fault. The ALJ made a detailed consideration of Plaintiff's evidence and expressed why Dr. Koehn's opinion was unpersuasive and inconsistent with the record. (Tr. 31). The R&R too addressed each of Plaintiff's arguments and examined the evidence related to the ALJ's findings. (Doc. 17 at 11-18). At bottom, Plaintiff offers little more than a rehash of his past arguments hoping the undersigned will disagree with Judge Mizell's analysis. *See, e.g.*, *Cole v. Comm'r of Soc. Sec'y*, No. 2:20-cv-524-SPC-NPM, 2021 WL 5866968, at *1 (M.D. Fla. Dec. 10, 2021) (summarily rejecting mere re-argument objections). But the undersigned agrees with the well-reasoned R&R that is supported by record evidence and relevant case law.

4

Accordingly, it is

**ORDERED:**

1. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ([Doc. 17](Doc. 17)) is **ACCEPTED and ADOPTED**, and the findings incorporated here.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 10, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record